**United States District Court**
**Northern District of Ohio**

| | | |
|---|---|---|
| **Larry G. Philpot** | : | Case No. 3:15-cv-01401 |
| | : | |
| *Plaintiff,* | : | Judge David Katz |
| | : | |
| v. | : | ***Defendant's Opposition to Plaintiff's Motion*** |
| | : | ***for Summary Judgment*** |
| **Toledo Radio, LLC** | : | |
| | : | Thomas P. Timmers (0083937) |
| *Defendant* | : | Turley, Peppel & Timmers LLC |
| | : | 3035 Moffat Rd., Suite 200 |
| | : | Toledo, Ohio 43615 |
| | : | T: 419-214-0808 |
| | : | F: 419-419-5394 |
| | : | ttimmers@tpt-law.com |
| | : | |
| | : | *Attorney for Defendant* |

For the reasons set forth below, Plaintiff's Motion for Summary Judgment should be denied and summary judgment should be entered in favor of the Defendant.

## I.   Relevant Facts

### a.  Toledo Radio, LLC's Website Posting

This case is about a radio station, Toledo Radio, LLC ("Toledo Radio") that, on March 11, 2013, posted a little blurb on its website to inform its website viewers that Willie Nelson was coming to play a concert in Toledo later that year.[1]  Toledo Radio did this because they post all known (and musically relevant) concerts to their website in the "Events" section to inform those who visit their

---

[1] Affidavit of Daniel Dudley at ¶ 8, attached hereto as Exhibit A.

website about upcoming shows or events that may be relevant to their interests.[2]  Based on its usual practice, it is likely that an employee of Toledo Radio found a photo that he or she believed not to be copyrighted and posted the photo on the website.[3]

Toledo Radio was not paid, nor did they expect to be paid, for this post.[4]  This type of posting is standard for Toledo Radio, and is done as a courtesy for its website visitors to inform them of upcoming concerts in the area.[5]  Toledo Radio was not a sponsor of the concert (Toledo Radio believes it was actually supporting a concert put on by a competitor) and has no relationship with the White Family Dealership (who was sponsoring the concert).[6]  There was nothing for Toledo Radio to gain by posting this blurb, aside from providing information about local events to its website visitors.[7]

After posting the blurb with the attached Nelson Photo, Toledo Radio thought nothing else of it.  It wasn't until over a year later when they were contacted by the Plaintiff, that they first came to realize that the photograph was copyrighted.[8]  Toledo Radio offered to ensure that Plaintiff copyright was properly attributed at that time (if it was not previously attributed properly), and offered to provide attribution for the photo, but Plaintiff rejected attribution.[9]  Over a year later, Plaintiff filed this lawsuit.

### b.  The Willie Nelson Photo

The photograph at issue ("Nelson Photo") was taken by Plaintiff at an October 4, 2009 concert in St. Louis, MO.[10]  On or about May 31, 2011, Plaintiff published the Nelson Photo to the World

---

[2] Dudley affidavit at ¶ 6.
[3] Dudley affidavit at ¶¶ 16-19
[4] Dudley affidavit at ¶¶ 10-11.
[5] Dudley affidavit at ¶ 6; see also Deposition of Laura Hart at 13:22 – 14:2 (the Hart deposition transcript is attached to Plaintiff's Motion for Summary Judgment as Exhibit C).
[6] Dudley affidavit at ¶¶ 12-15.
[7] Id.
[8] Dudley affidavit at ¶¶ 18, 20.
[9] Dudley affidavit at ¶ 21.
[10] Complaint at ¶ 8; however, the Complaint provides the incorrect citation for the original, full-size photo.  The full-size photo, as found online, is available at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg.  A true and accurate copy of that photo, as found at the website above, it attached hereto as Exhibit B.  The version cited

Wide Web.[11]  It was placed on Wikimedia, where Plaintiff then made the Nelson Photo available for use, for free, subject to the appropriate attribution.[12]

On or about June 15, 2011, Wikimedia user GDuwen cropped the Nelson Photo (which shows Willie Nelson from his head to his knees, his guitar "Trigger", a microphone, and a portion of the stage behind him) to show only a small portion of the Nelson Photo – Willie Nelson's head and upper torso.[13]  This cropped photograph (the one which Plaintiff errantly asserts is the "original full size photo"[14]) is actually a small fraction of the Nelson Photo, copyrighted by Plaintiff - approximately 20%.[15]

## II.    APPLICABLE LEGAL STANDARD

The standard for Summary Judgment under Civ. R. 56(F) is well-known and oft-cited.  The moving party (Plaintiff, here), must show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.[16]  This must be done by citing to the particular parts of materials in the records, including depositions, documents, and discovery responses.[17]

In ruling on a motion for summary judgment, all inferences must be made in favor of the non-moving party.[18]  In fact, the rule provides more than that – "the opposing party need not prove that the factual inferences drawn by the moving party are actually incorrect; it is enough for the opposing party to show that contrary inferences "might be permissible.""[19]

---

by the Plaintiff and attached to the complaint is a cropped version of the photo, cropped by Wikimedia user GDuwen, which was uploaded on June 15, 2011 (https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg).

[11] Complaint at ¶ 9.

[12] Complaint at ¶ 10; Complaint at Exhibit C.

[13] https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg.

[14] Complaint at ¶ 8.

[15] Compare https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg with https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg.

[16] Civ. R. 56(a).

[17] Civ. R. 56(c)(1)(a)

[18] *See e.g. Matsushita Elec. Ind. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[19] *U.S. v. General Motors Corp*, 65 F.R.D. 115 (D.C. Dist. 1974) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (internal quotations omitted)).

## III. APPLICATION OF LAW

### a. Plaintiff has failed to meet his burden of proof to show that he is entitled to relief.

#### i. Plaintiff Failed to Demonstrate Copyright Infringement

Plaintiff noted his requirements to prove Toledo Radio's liability for copyright infringement – he must prove (1) the ownership of a copyright and (2) a copying of the original elements, without permission or license. However, Plaintiff fails to demonstrate that the Defendant actually infringed on the copyrighted photo.

At no point has Defendant actually identified or produced the actual Nelson Photo which was copyrighted. He has only identified the substantially cropped version, which was edited by a Wikimedia user.[20] Even the attachments to Plaintiff's Motion for Summary Judgment demonstrate this failure – the attachments indicate that they were cropped by GDuwen, and the document includes the word "cropped" in its name.[21] There is no question that Plaintiff has shown that he owns a copyright,[22] but he has not shown that he owns the copyright to the Nelson Photo at issue. Quite simply, he has not put on sufficient evidence to show ownership of the Nelson Photo.

Further, Plaintiff must show that the Nelson Photo was published without permission or license. Here, the license requires the inclusion of the URI for the CC BY 2.0, a credit to the author's name, the work's title, and the work's URI. Plaintiff's support for the publication without permission is that, Laura Hart, the employee that *may have*[23] put the photograph on the website had never heard of the CC BY 2.0, soundstagephotography.com, or Philpot's name. The inference that the Plaintiff

---

[20] See Complaint at Exhibits B, C; Affidavit of Larry Philpot at Exhibits B, C.
[21] Philpot Affidavit at Exhibits B, C.
[22] Philpot Affidavit at Exhibit A.
[23] Plaintiff cites Laura Hart's deposition at 20:5-15 for its support that Mrs. Hart placed the photo on the website. However, this citation has nothing to do with a website posting, and deals with Arbitron's listener ratings for radio stations.

draws from this is that the requirements for the license were not on the website, or otherwise demonstrated. Plaintiff bases his support for this argument on pure speculation, and asks this court to infer a violation, but that inference cannot be drawn in his favor.

What we do know is that: (1) aside from the illegible attachment to the Complaint, which only shows a portion of the Toledo Radio's website, Plaintiff has failed to provide a copy of the website demonstrating a lack of attribution; (2) Toledo Radio has never admitted that it posted the photograph without attribution; (3) no admissible evidence is in the record to show that there was no attribution. In fact, Toledo Radio expressly denied that the source information was not posted, stating "[w]hether any additional information could be ascertained on the website by clicking on the picture or holding the mouse over the picture is unknown."[24] Any support for this claim is unsupported and based on speculation – therefore, it is not a proper foundation for a motion for summary judgment. The inferences here must be drawn in favor of the non-moving party (that the attribution information may have been on the website), and therefore it is clear that Plaintiff has not proven Copyright Infringement.

### ii. Plaintiff Failed to Demonstrate a Violation of the DCMA

In order to prevail on his claim for the violation of the DCMA (17 U.S.C. § 1202), Plaintiff would have to demonstrate that the Defendant, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false.

The first element here is that Plaintiff must show that there no genuine dispute as to any material fact that Defendant's actions were (1) knowing; and (2) done with the intent to conceal infringement. To make this leap, Plaintiff speculates that Toledo Radio acted knowingly because Dan Dudley (the managing member of Toledo Radio) is "manifestly familiar with the copyright laws"

---

[24] Defendant's Responses to Request for Admission No. 7 and Interrogatory No. 19, attached to Plaintiff's Motion for Summary Judgment as Exhibit B.

because he runs a radio station and enters into licensing agreements to play music on air.  And Dan, as a legal expert in the field of copyright laws, he must have known that posting the Nelson Photo with Laura Hart as the poster of the article would help conceal the actual taker of the Nelson Photo, and would allow his to provide false copyright management information.

These speculations could not be any farther from the truth.   Dan Dudley does run a radio station, and does deal with licensing for on-air music, but this does not make him a knowing expert in the field – in fact, he is not familiar with the copyright laws applicable to this field.[25]  Speculation that presupposes a knowledge of the posting requirements for pictures based on a familiarity with on-air copyright restrictions is beyond any reasonable inference that could be drawn from his limited knowledge.

Plaintiff has not demonstrated that the copy of the Nelson Photo used by the Defendant actually contained the CMI it asserts was removed.  This Court can take judicial notice that the Nelson Photo is available on over 100 sites online, and the only one which provides the attribution requirements is far down the list when searching the image.[26]  Based on the fact that the cropped version of the Nelson Photo that was used could have been obtained from any of these, it is likely, if not probable, that the copy of the photograph that Toledo Radio posted never had the information to start.  Plaintiff's entire argument with regard to this claim depends on Toledo Radio finding the Nelson Photo on Wikipedia or Wikimedia, which it has not shown.  Therefore, Plaintiff cannot demonstrate that Plaintiff knowingly removed CMI, because it cannot ever show that the CMI was there in the first place.

---

[25] Dudley affidavit at ¶ 23.

[26] Under FRCP 201(b)(2), the Court can take notice of what turns up when a google image search of Willie Nelson is conducted.  When copying the Nelson Photo (cropped) into the google image search bar, hundreds of copies of the photograph show up, including those found at: http://www.playbuzz.com/tomclark10/a-can-you-guess-which-famous-personalities-are-involved-in-these-alcohol-brands, http://www.hudebniknihovna.cz/the-breeze.html, and http://www.connectsavannah.com/savannah/concert-willie-nelson-and-family/Event?oid=2533595, among many others. Many of these are a higher resolution than the one which would have actually led them to Plaintiff's CMI.

As for an intent to conceal infringement, Plaintiff provides no factual support to show that this was done to conceal infringement (because there is none).  The more important question here is: why would Toledo Radio knowingly use a copyrighted photo and attempt to conceal its infringement when there are hundreds of other photographs of Willie Nelson available online?[27]  The answer to this question – it would not do such a thing – shows why Plaintiff has put forth no evidence showing that Toledo Radio knowingly provided false CMI for the purpose of concealing its copyright infringement.

Second, the Plaintiff must show that Defendant provided copyright management information that is false.  To this end, Plaintiff asserts that things such as the notation that the article was written by Laura Hart and the website had a copyright on the bottom of the page indicating "© 2011 The Wolf 107.7 All Rights Reserved."  Again, no authenticated copies of this information is provided by the Plaintiff, and therefore he fails to prove this accusation.  Further, the LauraHart posting clearly indicates nothing about the photo, simply that the article was published under her name.  The website copyright also indicates nothing about the photo.  To assert that these constitute provision of false CMI for the photograph is far outside the bounds of reasonable assumption.

With regard to this claim, Plaintiff's case relies on Defendant's mental state, which it cannot show.  There was nothing put forward by the Plaintiff to show that Plaintiff acted knowingly *and* with the intent to conceal the copyright information.  Therefore, summary judgment is not appropriate for this claim.

### iii.   Plaintiff cannot show Contributory and Vicarious Infringement

Plaintiff asserts that Toledo Radio contributorily infringed on his copyright by (1) having knowledge of an infringing activity (2) caused or materially contributed to another's infringing conduct.  Plaintiff also asserts that Toledo Radio vicariously infringed his copyright by deriving direct financial benefit from the infringing activity while having a right and ability to supervise the

---

[27] A google image search of "Willie Nelson" pulls of thousands of photos of the music legend.

infringing activity.

The third-parties that allegedly infringed are WordPress (a website processor), Neon Goldfish (a website publisher) and GoDaddy (a website host).  Without any evidentiary support whatsoever, Plaintiff asserts that "[a]ll three of these entities displayed Philpot's copyrighted Nelson Photo online as a direct result of Defendant's action in copying and posting it."[28]

Knowledge of the infringement is critical for Plaintiff's argument here – he has not shown that Toledo Radio had knowledge of the copyright (it did not)[29], and therefore, cannot show these violations.  Furthermore, he has not even attempted to show the financial benefit derived for Toledo Radio (which there was none).[30]   These claims are wholly unsupported in Plaintiff's Motion for Summary Judgment, and, therefore, no judgment should be granted on claims III and IV.

   **b.  Plaintiff has suffered no damages**

Plaintiff makes various claims throughout his brief that he "has made tens of thousands of dollars licensing the Nelson Photo to media outlets alone."[31]   At best, this assertion is a gross misstatement of fact.  The Nelson Photo is available to be used, ***for free***, by anybody who gives proper attribution.[32]  The "tens of thousands of dollars" that the Plaintiff has made from this photo are from settling lawsuits, including (smartly) in the settlement agreement a "license for past use of the Photo."[33]   Characterizing these lawsuit settlements as the "licensing fees" to the Court is disingenuous.  The omitted document from Plaintiff's affidavit (attached to this brief) is titled "SETTLEMENT AGREEMENT AND RELEASE," yet Plaintiff calls this his licensing agreement.

Plaintiff has received a total of zero dollars that he could demonstrate from non-lawsuit related

---

[28] Motion for Summary Judgment at p. 17.
[29] Dudley affidavit at ¶¶ 18-19.
[30] Dudley affidavit at ¶ 15.
[31] Plaintiff's Motion for Summary Judgment at p. 2, affidavit of Larry Philpot at ¶ 9, Exhibit D (not attached to Plaintiff's affidavit, but attached hereto as Exhibit C).
[32] See e.g. Plaintiff's Complaint at Exhibit C.
[33] Affidavit of Larry Philpot at Exhibit D (attached hereto as Exhibit C).

licensing of the photo.  In fact, this Court was forced to order the Plaintiff to produce all documents related to the income he's received from this and, in response, only produced settlement agreements. Again, this photo is available for use by anybody online, **for free**.  Plaintiff has suffered no financial harm.

### c.  Defendant's use of the Nelson Photo constitutes "Fair Use."

The relevant law to this case is found at 17 U.S.C. § 107, which is titled "Limitations on exclusive rights: Fair use."  Commonly known as Fair Use, this statute provides that the fair use of a copyrighted work is not an infringement of copyright.[34]  The factors for the court to consider in evaluating whether the use made of a work in a particular case is fair are:

1)  the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2)  the nature of the copyrighted work;

3)  the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4)  the effect of the use upon the potential market for or value of the copyrighted work.

While each of these elements are to be considered to varying degrees, it is not required that a party "shut-out" the other on these factors.[35]  However, as discussed below, each of the factors favors the Defendant and Plaintiff here has been shut out.

### 1)  The Purpose and Character of the Nelson Photo's use were noncommercial.

The Nelson Photo was posted alongside a story about Willie Nelson coming to Toledo to perform at a concert at Centennial Terrace in Sylvania.[36]  As part of its standard practice of posting

---

[34] 17 U.S.C. § 107.
[35] *Mathieson v. AP*, 1992 U.S. Dist. LEXIS 9269 (citing *Wright v. Warner Books, Inc.*, 953 F.2d 731 (2nd Cir. 1991)).
[36] Dudley affidavit at ¶ 6.

news stories (in this case, a country music artist who was coming to town), Toledo Radio posted this story online.  To support this concert as being newsworthy, it is worth noting that the concert was also published to the Toledo Blade's website.[37]  This story was posted for news purposes, and it happened to include the cropped Nelson Photo.  The Nelson Photo wasn't the purpose of the story, and didn't really add much to the story, but was simply a convenient, apparently un-copyrighted, photo of Willie Nelson.[38]

Plaintiff's deposition of Toledo Radio's former employee, Laura Hart, was the most telling of this.  Plaintiff's attorney asked Mrs. Hart: "[w]hen you were posting announcements like this online when you worked at Toledo Radio, LLC, what was the reason you would post them?"  Mrs. Hart responded, "A service to our listeners so that they knew we were a part of the concert community, we knew what was going on, **it was more news than anything else**."[39]

There was no financial value to this photograph appearing on Toledo Radio's website.  Toledo Radio was not paid to put the story or photograph on its website, it was not paid to promote the concert online, it did not sponsor the concert, and does not have a business relationship with the White Family Dealerships (who put on the concert series).[40]  Plaintiff's speculation that there is financial value to Toledo Radio because the website has "clear commercial underpinnings" because increased traffic equals increased money and JNP's on-air advertising is sufficient to treat the website and the station as a singularity for advertising purposes ignores one critical fact – so few people were going to the website that Toledo Radio that there was no monetary value to it.  In her deposition, Laura Hart very clearly stated this point – "[h]ow do I say this kindly, wasn't a lot of traffic to the website, wasn't

---

[37] http://www.toledoblade.com/Music-Theater-Dance/2013/03/14/Weird-Al-and-Willie-Nelson-to-play-at-Centennial-Terrace.html.
[38] Dudley affidavit at ¶¶ 18-19.
[39] Hart Deposition at 13:22 – 14:2.
[40] Dudley affidavit at ¶¶ 10 – 15.

worth reporting to put it modestly, so we did not sell it because I could not monetize such a low impression rate, did not sell the website."[41]

There was no financial benefit here. Toledo Radio did not sell anything related to the website for this concert, and still has never sold anything related to its website to this day. There are too few visitors to the website for it to have any value. Accordingly, the first factor favor non-commercial use, specifically, as news reporting.

> 2) *The Nature of the Nelson Photo favors fair use.*

There is no dispute that photography is, at the very least, minimally creative by its very nature. That broad statement regarding the art of photography is the only element which favors a finding against fair use. The remaining applications of this factor greatly favor a finding of fair use.

First, this is not an unpublished photograph. This is a critical element of its "nature".[42] When a photograph is unpublished, the scope of fair use is far narrower.[43] Here, the opposite is true. This photograph is not only previously published, it is available online for all to see and use. There are hundreds of copies of this photo on various websites already.

Second, the copyrighted work at issue is simply a photograph of Willie Nelson, a renowned country music artist. There are hundreds of different photos of Willie Nelson available online – the one taken by Mr. Philpot is not so creative or different than the others to have this factor favor him. It is simply one of many photos of a country music legend.

The "nature" of the work favors fair use, since it is already so widely disseminated and not so unique from the other photos of Willie Nelson that can be found online.

> 3) *Defendant only used a fraction of the Nelson Photo.*

---

[41] Hart Deposition at 19:5-9.
[42] *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 564 (1985).
[43] Id.

The full-size photo, as found online, is available at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg.[44] The version cited by the Plaintiff and attached to the complaint is a cropped version of the photo, cropped by Wikimedia user GDuwen, which was uploaded on June 15, 2011.[45] Toledo Radio's publication of the photo was not a full reproduction, as the Plaintiff asserts. In fact, the portion published by Toledo Radio (which has not actually been introduced into evidence by Plaintiff, and is therefore not part of the record) is less than 20% of the original copyrighted work. Therefore, such a minimal use of the Nelson Photo favors a finding of fair use.

4) *Toledo Radio's posting of the Nelson Photo had no effect on the market for the Nelson Photo, since the Nelson Photo was available for free use for all.*

The one thing that the parties agree on is that the Nelson Photo is free for all to use, subject to appropriate attribution. There is no "market" for the photo, since it is freely used. Even if Toledo Radio failed to attribute this photo to the Plaintiff (as Plaintiff asks this Court to speculate), the market is unchanged.[46] Plaintiff again cites the "tens of thousands of dollars" he has earned from this photo, and asserts (speculates) that the potential market for this photo has been usurped by Toledo Radio posting it without attribution. As noted above, Plaintiff has not shown a license fee that came without a lawsuit. He does not license this photo, only uses it as a basis to file lawsuits and extract settlements. Since it is available for free use, there is no market that was harmed by an allegedly unlicensed use, and therefore, this factor favors the Defendant.

### d. If Defendant is found to have infringed on Plaintiff's Copyright, that infringement is innocent.

---

[44] A copy of the full photo, before being cropped, is attached as Exhibit B.
[45] https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg.
[46] The lack of attribution would be further minimized by the small amount of traffic to Toledo Radio's website, discussed above.

Plaintiff's assertion that Toledo Radio is "manifestly familiar with copyright laws" and therefore not only violated the law, but did so purposely is without any factual support. This assertion, along with many of the other assertions made by the Plaintiff are gross speculation, which does not belong in a motion for summary judgment. Not only is there no evidence that Toledo Radio's alleged violations were willful, the opposite is true. If Toledo Radio did violate the law, its actions were very clearly innocent.

If this Court were to find that Plaintiff proved copyright infringement and that Defendant's use was not fair use, then the Court should find that any infringement of copyright by Toledo Radio constitutes innocent infringement, and is therefore subject to a reduced level of damages. Under 17 U.S.C. 504(C)(2) the Court can find, with proper support, that if (1) the infringing party had no reason to be aware of the copyright; and (2) had no reason to believe that its actions constituted infringement of copyright, then the court can reduce the award of statutory damages to as low as $200.

Here, it was Toledo Radio's practice to not post any photographs that it believed to be copyrighted.[47] In following its standard practice, Toledo Radio would not have posted this photograph if there was any indication that it was subject to copyright or any other limitation.[48] This photo was simply one of thousands of Willie Nelson available online. There was no reason for Toledo Radio to use this photo, it just happened to be the first one found that did not appear to be subject to copyright. Since the exact cropped portion of the Nelson Photo could be found in any of over 100 locations,[49] it would be impossible to state that it was found at the one location which would have indicated that attribution was required. If there was any infringement, it was clearly innocent.

Plaintiff has put forth no evidence to show willfulness, only rampant speculation about what he infers Toledo Radio's knowledge of licensing means for its knowledge of copyright. Toledo Radio

---

[47] Dudley affidavit at ¶ 16.
[48] Id. at ¶¶ 17-19.
[49] See note above, regarding the Court's ability to take judicial notice of the 100+ copies of this photo available online.

has demonstrated that it did not, and would not, use a photograph it knew or believes to be copyrighted.  This proves that any violation, if one occurred, was innocent.  At the very least, the innocence or willfulness of any infringement creates a genuine issue of material fact, leaving summary judgment inappropriate for ultimate disposition of this case.

> **e.  Plaintiff should not be entitled to his attorney's fees, should he prevail.**

Plaintiff asserts that he should be entitled to statutory damages (which he has to claim, since he has received no money for licensing the photo (absent litigation).  He seeks three times his licensing fee, claiming that to be $10,000 (demonstrated above to be untrue).  If the Court is to award him three times his licensing fee, it should be three times his licensing fee of $0.00, and not three times his lawsuit settlement fee.

Lastly, Plaintiff asserts that he should be entitled to his attorney's fees in bringing this matter.  An award of attorney's fees in this case is entirely discretionary.[50]  If this Court were to find that Plaintiff should prevail on his claims, any infringement would likely be found to be innocent.  And it is fully appropriate to not award fees against an innocent infringer.[51]

Beyond that, this is a case that never should have been brought.   Toledo Radio offered, well before the filing of a lawsuit, to ensure that proper attribution was given to the Plaintiff for the posting of the Nelson Photo.[52]  He refused, and then filed a lawsuit in the Southern District of Indiana, which was subsequently dismissed by that Court.  Then, Plaintiff filed this present action, asserting the misuse of this photograph for which he has received tens of thousands of dollars (none of which was through licensing, but all of which appears to be as a result of litigation).

This is a case where the license of the photograph was free, with attribution.  Attribution was offered, but refused.   The Plaintiff wants money, but he should not be entitled to any.  His attorneys

---

[50] 17 U.S.C. § 505.
[51] *Dolori Fabrics, Inc. v. Limited, Inc*., 662 F. Supp 1347, 1358 (S.D. NY 1987).
[52] Dudley affidavit at ¶¶ 20-21.

want money, but they should not be entitled to any. This is a trivial case, a small claims case, but it has been fought as though it was worth much more.

Plaintiff has needlessly increased the cost of this litigation, even going so far as to ignore, then fight, reasonable discovery requests seeking to discover the amount of money Plaintiff received for licensing the Nelson Photo. This culminated in a Court Order requiring him to produce this information he sought to avoid producing –proof that he settles lawsuits and doesn't license this photograph. This type of behavior should not be rewarded with attorney's fees.

There is a reason why attorney's fees are permissive under certain statues, as is the case here. At every level, this case exemplifies the need for judicial discretion in not awarding the Plaintiff his attorney's fees.

## IV.  CONCLUSION

To be entitled to the Summary Judgment he seeks, Plaintiff was required to support his motion for sufficient, admissible evidence to demonstrate that there remain no genuine issues as to any material facts. He has failed to prove any of his claims to this standard, relying on rampant speculation instead.

Even if Plaintiff had supported his claims, he would not be entitled to judgment, as Defendant Toledo Radio has shown that its use of the Nelson Photo constituted fair use, and was therefore, the use would not violate the copyright laws. Given the evidence shown in support of this fair use, Defendant asks that the Court grant Defendant summary judgment pursuant to Civ. R. 56(f)(1) and award Toledo Radio its attorney's fees, which would be appropriate, given the facts and posture of this case.

Even if the Court were to find that Plaintiff met his burden for proving his claims and that Defendant's posting of the Nelson Photo did not constitute fair use, then, at the very least, the Court should find that Defendant's posting of the Nelson Photo should be considered innocent infringement,

and reduce the damages in this case to $200.00, without an award of attorney's fees, or leave that issue to a jury to decide.

Respectfully Submitted,

*/s/ Thomas Timmers*

Thomas P. Timmers (0083937)
TURLEY, PEPPEL & TIMMERS LLC
3035 Moffat Rd., Suite 200
Toledo, Ohio 43615
T: 419-214-0808
F: 419-214-0809
ttimmers@tpt-law.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Courts on April 11, 2016 using the CM/ECF system.  The CM/ECF system will serve notice of filing upon all parties registered to receive service via this system.

*/s/ Thomas Timmers*

Thomas P. Timmers