IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry G. Philpot,

       Plaintiff,      Case No. 3:15CV1401

  -vs-

                ORDER

Toledo Radio, LLC,

       Defendant.

This is a copyright suit under 17 U.S.C. § 101, *et seq*. and the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq*.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

Pending are counter-motions for summary judgment. (Docs. 17, 21). For the reasons that follow, I deny both parties' motions for summary judgment.

**Background**

Plaintiff Larry Philpot is a photographer who owns the copyright to a photograph he took of Willie Nelson ("Nelson Photo"). Philpot has made this photograph available for use under a Creative Commons Attribution 2.0 Generic license. The license requires those using the photograph to provide a link to the license, give credit to the photographer, and specify any changes made to the copyrighted work.

Philpot alleges defendant Toledo Radio altered his photograph by removing identifying metadata and Copyright Management Information. He asserts that Toledo Radio then displayed the altered photograph on its website (www.1077wolf.com) without the required references to the license and artist.

Because of the alleged misuse, plaintiff brought suit. Plaintiff claims defendant's conduct constitutes: 1) direct copyright infringement in violation of 17 U.S.C. § 501; 2) a violation of the Digital Copyright Millennium Act; 3) contributory copyright infringement; and 4) vicarious copyright infringement.

Based on these allegations, plaintiff seeks an order permanently enjoining defendant from using the Nelson Photo in any way that infringes upon his rights. Plaintiff also seeks actual damages and disgorgement of defendant's profits or, in the alternative, statutory damages under 17 U.S.C. §§ 504 and 1203. Finally, plaintiff requests costs and disbursements in this action, including attorney's fees.

## Standard of Review

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323. Once the movant meets that burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

**Discussion**

**1. Copyright Infringement**

To prevail on a copyright infringement claim, plaintiff must establish: 1) his ownership of a valid copyright; and 2) copying by the defendant. *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007); *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999).

Defendant argues plaintiff failed to show he owns the copyright to the photograph at issue. While it is clear plaintiff owns a copyright in the original photograph, defendant argues a Wikimedia user substantially cropped and edited the photograph it actually copied. According to defendant, plaintiff did not show he owned a copyright in that photograph.

Defendant also argues plaintiff failed to show it published the Nelson Photo without permission or license. Defendant asserts it never admitted to posting the Nelson Photo without attribution, and no admissible evidence in the record shows the alleged lack of attribution.

I need not decide whether plaintiff owned a copyright in the photograph at issue or whether defendant published it without permission or license. Even assuming plaintiff can prove those facts, a genuine issue of material fact remains as to whether the fair use defense applies.

Section 107 of the Copyright Act provides that "the fair use of a copyrighted work . . . is not an infringement of copyright." To determine whether the fair use doctrine applies, courts must consider the following factors:

> 1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; 2) the nature of the copyrighted work; 3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and 4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id*; *see also Zomba Enterprises, Inc.*, *supra*, 491 F.3d at 581-82.

After considering these factors in light of the evidence in the record, I cannot conclude reasonable minds could come to but one conclusion concerning whether defendant's publication of the Nelson Photo constituted fair use. Thus, it is an issue for the trier of fact to decide.

Defendant also raises an innocent infringement argument to reduce damages under 17 U.S.C. §§ 504(c)(2) and 1203(c)(5)(A).

Plaintiff asserts defendant's practice of copying and posting photographs on its website is not innocent, but rather constitutes a "reckless, misguided free-for-all policy with no regard for the rights of copyright owners." (Doc. 17). Defendant, on the other hand, argues it had no reason to know of plaintiff's copyright in the Nelson Photo and no reason to believe its actions constituted infringement. Whether defendant's alleged infringement was innocent remains a genuine issue of material fact and is one for the trier of fact to decide.

Simply put, genuine issues of material fact exist as to plaintiff's infringement claim, including whether any infringement occurred and, if so, whether that infringement was innocent.

Therefore, I deny both plaintiff and defendant's motions for summary judgment with respect to plaintiff's direct copyright infringement claim.

### 2. Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202)

Section 1202(b)(1) of the DMCA prohibits the intentional removal or alteration of copyright management information (CMI) when a person knows or has reasonable grounds to know such removal or alteration will induce, enable, facilitate, or conceal an infringement. Further, under § 1202(a), a person may not knowingly and with the intent to induce, enable, facilitate, or conceal an infringement provide, distribute, or import for distribution false CMI.

According to plaintiff, defendant intentionally removed or altered CMI from the Nelson

4

Photo when it copied and pasted the photograph to its website. Plaintiff further claims defendant's familiarity with copyright laws and infringement issues gave defendant reason to know that removing or altering CMI from the Nelson Photo would facilitate an infringement.

As noted above, in opposing plaintiff's direct infringement claim, defendant contests the claim that it ever removed or altered any CMI from the Nelson Photo. Defendant argues it never admitted to removing or altering any CMI, and the evidence in the record does not show the alleged removal or alteration occurred. If defendant did not remove or alter any CMI, then it cannot be liable for violating either §§ 1202(b)(1) or 1202(a). Thus, a genuine issue of material fact remains as to whether defendant violated DMCA.

Therefore, I deny both plaintiff and defendant's motions for summary judgment with respect to plaintiff's Digital Millennium Copyright Act claim

### 3. Contributory and Vicarious Copyright Infringement

"Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004) (internal quotation marks and citation omitted).

Further, a defendant can be vicariously liable for copyright infringement "if he enjoys a direct financial benefit from the infringing activity and has the right and ability to supervise the infringing activity." *Id.*

As noted above, a genuine issue of material fact remains with respect to defendant's fair use argument. If defendant's use of the Nelson Photo is deemed fair, then there is no infringement. Such a finding also defeats plaintiff's contributory and vicarious copyright

infringement claims.

Therefore, I deny both plaintiff and defendant's motions for summary judgment with respect to plaintiff's contributory and vicarious copyright infringement claims.

### 4. Damages

As a remedy for copyright infringement, plaintiff can recover either actual damages, including the infringer's profits, or statutory damages. 17 U.S.C. § 504(a). If a plaintiff proves the defendant's infringement was willful, courts may increase statutory damages to $150,000. *Id.* at § 504(c)(2). Conversely, if an infringer successfully argues fair use or unawareness of the infringement, courts may decrease statutory damages to $200. *Id.*

A party acts willfully if it has "actual or constructive knowledge that it was infringing the Plaintiff's copyright or else acted in reckless disregard of the high probability that it was infringing Plaintiff's copyright." *Tenn. Walking Horse Breeders' & Exhibitors' Ass'n v. Nat'l Walking Horse Ass'n*, 528 F. Supp. 2d 772, 780 (M.D. Tenn. 2007) (citing *Zomba*, *supra*, 491 F.3d at 584-85). Defendant can invalidate a willfulness claim by showing it acted reasonably and with a good faith belief that its conduct was innocent. *See Zomba, supra*, 491 F.3d at 584.

Under the DMCA, plaintiff can recover either actual damages, including the violator's profits, or statutory damages. 17 U.S.C. § 1203(c)(1). If a violator proves he or she was not aware and had no reason to believe its conduct constituted a violation, the court may decrease statutory damages. *Id.* § 1203(c)(5)(A).

Because there are genuine issues of material fact as to whether defendant infringed on plaintiff's copyright and whether that infringement was innocent or willful, the determination of damages must also be for the trier of fact.

6

### 5. Attorney's Fees

Under the Copyright Act, courts have discretion to award attorney's fees. 17 U.S.C. § 505. Courts consider four non-exclusive factors in this determination, including the claim's frivolousness, motivation, reasonableness, and deterrence. *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007).

At this time, it is premature to determine whether to award attorney's fees. Genuine issues of material fact exist as to whether defendant infringed on plaintiff's copyright and whether defendant acted willfully in doing so.

As such, I hold such ruling in abeyance pending resolution of these issues.

### Conclusion

On review, it appears that several matters in contention, including fair use, innocent infringement, contributory and vicarious infringement, damages, and attorney's fees, involve disputed issues of fact so that neither party is entitled to summary judgment.

It is, accordingly,

ORDERED THAT the counter-motions for summary judgment (Docs. 17, 21) be, and the same hereby are, denied.

The Clerk shall forthwith schedule a telephone status/scheduling conference.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge